UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

..................................................

In re

|  |  |  |
|---|---|---|
| PATRICK J. LYONS, | : | Chapter 13 |
| *Debtor* | : | Bankruptcy No. 17-12550 REF |
|  | : |  |
| PATRICK J. LYONS, | : |  |
| *Plaintiff* | : |  |
| *v.* | : |  |
| M & T BANK, | : |  |
| *Defendant* | : | Adversary No. 18-00042 |
|  | : |  |

..................................................

PRE-TRIAL ORDER #1
**(See Paragraph C. for date of Mandatory Courtroom Conference)**

..................................................

AND NOW, the Plaintiff having filed an adversary proceeding and the Defendant having filed a responsive pleading thereto, it is hereby ORDERED that:

1. On or before **April 12, 2018,** the parties shall file a Joint Jurisdictional Statement in which they state, whether this matter is core or non-core, whether they do or do not consent to this Court's entry of a final order under 28 U.S.C. §157(c)(2) or otherwise.

2. On or before **April 19, 2018,** the parties shall submit to the clerk a Joint Statement indicating whether they consent to participate in the court-annexed mediation program. If they choose to participate, they shall indicate their joint selection of a mediator from the approved list. If, in an extraordinary circumstance, the parties want a judge to mediate, they shall so indicate.

3. The following discovery and trial schedule shall control in this case:

A. All expert witnesses shall be identified and a copy of each expert's report shall be provided to every other party on or before **May 18, 2018.**

B. On or before **June 8, 2018,** the parties shall file a Joint Pre-trial Statement. The Joint Pre-trial Statement shall be signed by all counsel. Plaintiff's counsel shall initiate the preparation of the Joint Pre-trial Statement and to assemble and file the Joint Pre-trial Statement. Plaintiff's counsel shall submit a proposed Joint Pre-trial Statement to Defendant's counsel not less than 7 days prior to the deadline for its submission.

The Joint Pre-trial Statement shall set forth all of the issues on which the parties agree and disagree and shall contain the following:

I. <u>Basis of jurisdiction</u>. (including a statement whether this matter is core or non-core). Under either circumstance, the parties shall state whether they consent to the court's entry of a final order pursuant to 28 U.S.C. § 157(c)(2). If the parties disagree, they shall each cite relevant authority to support their positions.

II. <u>Statement of uncontested facts</u>.

III. <u>Statements of facts that are in dispute</u>. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial or genuinely challenges the fact on credibility grounds.

IV. <u>Damages or other relief</u>. A statement of damages claimed or relief sought. A party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and shall state the amount of damages claimed. A party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

V. <u>Legal issues presented</u> and the constitutional, statutory, regulatory and decisional authorities relied upon. Counsel shall include a brief statement regarding which party has the burden of proof on each legal issue.

VI. <u>Witnesses</u>, listed in the order they will be called, with a brief statement of the evidence the witness will give. Witnesses shall be classified to include those whom any party expects to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

VII. <u>Exhibits</u> listed in the order they will to be offered into evidence. Exhibits shall be serially numbered and physically marked before trial

      in the order of their intended presentation. Documents that a party may offer if the need arises shall be separately identified.

  VIII.  <u>A list of each discovery item</u> and trial deposition to be offered into evidence. Counsel shall designate by page and line the portion of deposition testimony and by number the interrogatories that shall be offered in evidence at trial.

  IX.  <u>Estimated trial time</u>.

  X.  <u>A certification</u> that the parties have attempted good faith settlement discussions without success.

C. A mandatory final pre-trial/settlement conference shall be held on **Wednesday, June 13, 2018 at 9:30 A.M. in Bankruptcy Courtroom #1, Third Floor, The Madison, 400 Washington Street, Reading, PA.**

> **If the parties desire to continue the pre-trial/settlement conference, they shall provide the court with written notice of the request for a continuance at least three (3) business days prior to the date set for the pre-trial/settlement conference. No party shall be excused from attendance at the pre-trial/settlement conference unless the court approves the written request for a continuance.**
>
> > **(a). Failure of counsel for Plaintiff to attend the pre-trial/settlement conference without obtaining court approval for a continuance by providing the court with three (3) business days written notice of a request for a continuance may result in dismissal of the complaint without prejudice.**
>
> > **(b). Failure of counsel for Defendant to attend the pre-trial/settlement conference without obtaining court approval for a continuance by providing the court with three (3) business days written notice of a request for a continuance may result in entry of judgment against Defendant on the complaint.**

    D. If the adversary proceeding is not resolved prior to the conclusion of the conference, the court shall enter an Order Setting Adversary Trial Date and serve a copy of same on each party at said conference.

    E. If any party violates any of these provisions, the court shall consider imposition of sanctions on the offending party and their counsel.

                                BY THE COURT

**Date: March 29, 2018**

                                RICHARD E. FEHLING
                                Chief United States Bankruptcy Judge